

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-1998

# Ingram v. Bucks County

Precedential or Non-Precedential:

Docket 97-1360

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"Ingram v. Bucks County" (1998). *1998 Decisions.* Paper 108.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/108

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed May 12, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-1360

GENE INGRAM; ROBERT REINCKE; JOHN R.
BLANCHARD; LANCE D. CARLEN; THOMAS J. CEVASCO;
JAMES H. COCHRAN; RONALD H. DUFFY; GERALD J.
GAITTENS; SALVATORE GARGIULO; MICHAEL R.
GORMAN; OLIVER A. GROMAN; CHARLES R.
HAVERSTOCK; WILEY A. HERRING; GARY KILLIAN;
JOHN A. KIRKPATRICK; THEODORE MACKNIK, SR.;
JOHN T. MILOREY; BERNIE PEAK; WAYNE POSTEN;
BARRINGTON G. RAMSAY; MICHAEL S. REMICK;
DAVID J. RINKER; JOHN P. SANTOS; STEPHEN R.
SCHUELLER; DAVID P. SHALLCROSS; GARY J. SIBEL;
GEORGE B. SPICER; TAMMY SWINESBURG; LINDA S.
UMBERGER; THOMAS J. WALTMAN; JOSEPH A. WHITE;
OLIVER WILSON, JR.

v.

COUNTY OF BUCKS

John Blanchard, James Cochran, Salvatore Gargiulo,
Oliver Groman, Jr., Gary Killian, John Kirkpatrick,
Tammy Swinesburg-Lall, Theodore MacKnik, Sr., John
Milorey, Bernie Peak, Wayne Posten, Robert Reinecke, Jr.,
Michael Remick, David Rinker, John Santos, Steven
Schueller, David Shallcross, Gary Sibel, George Spicer,
Linda Umberger, Thomas Waltman, Ronald Duffy,
Appellants

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 95-02122)

Argued on December 11, 1997

Before: NYGAARD and ALITO, Circuit Judges, and
DEBEVOISE, Senior District Judge*

(Filed: May 12, 1998)

David J. Truelove, Esquire
 (ARGUED)
Curtin and Heefner
250 North Pennsylvania Avenue
P.O. Box 217
Morrisville, Pennsylvania 19067
Counsel for Appellants

Frank A. Chernak, Esquire
 (ARGUED)
Howard J. Bashman, Esquire
Ellen K. Pomfret, Esquire
Montgomery, McCracken, Walker &
Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109-1029
Counsel for Appellee

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellants are Bucks County Deputy Sheriffs whose
responsibilities include transporting prisoners, providing
courtroom security, and serving bench warrants and
summonses. The deputies filed suit under the Fair Labor
Standards Act, 29 U.S.C. SS 207, 216, to recover overtime
pay for time spent off premises and waiting on-call. The
deputies contend that the district court erred by concluding
_____

*The Honorable Dickinson R. Debevoise, Senior District Judge of the
United States District Court for the District of New Jersey sitting by
designation.

2

that they are not entitled to overtime compensation for time spent off premises and waiting on-call and by granting summary judgment in favor of the defendants. We will affirm.

## I. Facts

The historical facts are not in dispute. On weekdays, most deputies are assigned to the 7:00 a.m. – 3:00 p.m. shift. Two deputies at a time rotate into the 3:00 p.m. – 11:00 p.m shift. When assigned the second shift, the deputy is required to be on-call from 11:00 p.m– 7:00 a.m. and for twenty-four hours a day on Saturday and Sunday. Although there is no written department policy regarding a deputy's obligations while on-call, a deputy is not required to remain at the sheriff 's office or stay in uniform. The deputy must carry a pager if not at home, and if paged, must report to work within a reasonable time. The deputies' employment terms are subject to a collective bargaining agreement between the county and AFSCME District Council 88. The agreement is not material to our decision.

## II. Standard of Review

A district court's grant of summary judgment is subject to plenary review. Public Interest Research of N.J. v. Powell Duffryn Terminals, Inc., 913 F.2d 64, 71 (3d Cir. 1990).

## III. Discussion

The district court concluded that the deputies' on-call time was not compensable because it did not limit their personal activities to such a degree that their time was spent primarily for the county's benefit. The district court record shows that during the on-call time, the deputies were able to engage in personal activities, and although their activities were somewhat limited by their on-call status, the limits did not justify compensation.

The deputies make three arguments for reversal. First, they claim that this matter was not appropriately decided by summary judgment, noting that whether acts are compensable is a fact-intensive inquiry. Next, they argue

that the district court erred by concluding that their personal activities were not limited enough to require compensation under the Fair Labor Standards Act. Finally, the deputies contend that the collective bargaining agreement should not be considered by the district court because they have been dissatisfied with their bargaining representative, and as a result most of the deputies are not dues-paying union members.

A.

Regarding the appellants' first argument, it is true that the issue of how a plaintiff spends his on-call time is one of fact and, therefore, cannot be resolved on summary judgment. Icicle Seafood, Inc. v. Worthington, 475 U.S. 709, 714, 106 S. Ct. 1527, 1530 (1986). However, once there is no genuine issue of material fact as to how a plaintiff spends his on-call time, the determination of whether a plaintiff 's activities exclude him "from the overtime benefits of the FLSA is a question of law," which can properly be resolved on summary judgment. See, e.g., Renfro v. City of Emporia, 948 F.2d 1529, 1536 (10th Cir. 1991) (relying on undisputed facts to grant summary judgment); Berry v. County of Sonoma, 30 F.3d 1174, 1180 (9th Cir. 1994) (Whether "limitations on the employees' personal activities while on-call are such that on-call waiting time would be considered compensable overtime under the FLSA is a question of law.").

B.

Turning to the deputies' second argument, there is no dispute regarding how the deputies spent their on-call time. Nonetheless, the deputies argue that the district court did not construe the evidence in their favor, as required by Federal Rule of Civil Procedure 56. The deputies' arguments focus on the district court's application of the undisputed facts to the test for compensability set forth by the Department of Labor and other Courts of Appeals. The deputies contend that the district court reached the incorrect conclusion based on these facts.

We are not persuaded. Simply because the issue before the court is fact-sensitive does not mean that once historical facts are undisputed, the court cannot reach a conclusion based on those facts. Where there is no dispute as to the historical facts, and the facts do not support the contention that on-call time is working time, the court may properly grant a motion for summary judgment. Bright v. Houston Northwest Medical Center, 934 F.2d 671, 675 (5th Cir. 1991) (en banc).

The Fair Labor Standards Act does not dictate whether time spent waiting on-call, as opposed to time responding to a call, is compensable. In companion cases, the Supreme Court determined that on-call time can be compensable under the Fair Labor Standards Act, but declined to establish a bright line rule for compensability. See Skidmore v. Swift, 323 U.S. 134, 65 S. Ct. 161 (1944); Armour & Co. v. Wanteck, 323 U.S. 126, 65 S. Ct. 165 (1944). The Court held that "whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case." Armour, 323 U.S. at 133.

The Department of Labor promulgated regulations stating that on-call time is compensable if the employee is required to remain on premises, or if the employee, although not required to remain on the employer's premises, finds his time on-call away from the employer's premises is so restricted that it interferes with personal pursuits. 29 C.F.R. S 553.221(c), (d). The Department of Labor's regulation of the Fair Labor Standards Act is entitled to substantial deference. Elizabeth Blackwell Health Center for Women v. Knoll, 61 F.3d 170, 182 (3d Cir. 1995); See also Skidmore, 323 U.S. at 139-40, 65 S. Ct. at 164; Ford Motor Credit Co. v. Milhollin, 444 U.S. 555-56, 100 S. Ct. 790, 792 (1980). The pertinent portions of the regulation are as follows:

> "(c) Time spent away from the employer's premises under conditions that are so circumscribed that they restrict the employee from effectively using the time for personal pursuits also constitutes compensable hours of work. For example, where a police station must be evacuated because of an electrical failure and the

employees are expected to remain in the vicinity and return to work after the emergency has passed, the entire time spent away from the premises is compensable. The employees in this example cannot use the time for their personal pursuits.

(d) An employee who is not required to remain on the employer's premises but is merely required to leave word at home or with company officials where he or she may be reached is not working while on call. Time spent at home on call may or may not be compensable depending on whether the restrictions placed on the employee preclude using the time for personal pursuits. Where, for example, a firefighter has returned home after the shift, with the understanding that he or she is expected to return to work in the event of the emergency in the night, such time spent at home is normally not compensable. On the other hand, where the conditions placed on the employee's activities are so restrictive that the employee cannot use the time effectively for personal pursuits, such time spent on call is compensable."

29 C.F.R. S553.221 (c), (d).

We have not considered the issue of whether time spent waiting on-call is compensable under the Fair Labor Standards Act. The resolution of this issue is fact-specific, but there is no conflict among the Courts of Appeals dealing with this specific issue. The Courts have used various factors to weigh the level of interference with the employee's private life. See, e.g., Berry v. Sonoma County, 30 F.3d 1174, 1183 (9th Cir. 1994) (seven factor analysis). Four factors are significant to our consideration:first, whether the employee may carry a beeper or leave home; second, the frequency of calls and the nature of the employer's demands; third, the employee's ability to maintain a flexible on-call schedule and switch on-call shifts; and fourth, whether the employee actually engaged in personal activities during on-call time. If these factors reveal onerous on-call policies and significant interference with the employee's personal life, Courts have held that on-call time is compensable. We cannot conclude that the deputies' activities here are restricted to such a degree.

6

First, the deputies may carry a beeper or leave word where they may be reached. The employee park rangers in Cross v. Arkansas Forestry Commission, were required to monitor a hand held radio at all times. 938 F.2d 912 (8th Cir. 1991). The radio had limited range, and because the employees were required to constantly monitor a hand radio, the Court determined that the on-call time significantly interfered with their private activities. The Court concluded that in that situation, the on-call time was compensable. In contrast, the turnpike employees in Martin v. Ohio Turnpike Commission, 968 F.2d 606 (6th Cir. 1992), were on-call to respond to accidents or severe weather that interfered with traffic on the turnpike. When on call, employees could wear a beeper or leave word where they could be located. The Sixth Circuit held that on-call time was not compensable because the turnpike employees' freedom was not severely restricted by burdensome on-call policies. The deputies here have the same freedom of movement as the turnpike employees in Martin because they can carry a beeper, and are not, like the employees in Cross, required to monitor a radio.

Second, the frequency and urgency of calls to the deputies do not preclude using their time for personal pursuits. In Renfro v. City of Emporia, 948 F.2d 1529, 1537 (10th Cir. 1991), the Court determined that the on-call time was compensable because the frequency of calls significantly restricted personal schedule to the benefit of the employer. The firefighters in Renfro, although not required to remain on the premises while on call, were required to report within twenty minutes of a call and were called an average of three to five times a day. In contrast, employees who are called to duty less frequently, with a longer response time, can pursue personal activities with minimal interference, and Courts have held that they should not be compensated for on-call time under the FLSA. See Gilligan v. City of Emporia, 986 F.2d 410, 412 (10th Cir. 1993) (employees called back less often than once a day, and were given thirty minutes to one hour to respond); Armitage v. City of Emporia, 982 F.2d 430, 432 (10th Cir. 1992) (police detectives called in on average less than two times a week and were able to report to duty within twenty minutes of responding to the page); Bright v.

7

Houston Northwest Medical Center, 934 F.2d 671 (5th Cir. 1991) (en banc) (biomedical equipment repair technician called an average frequency of two times per week and two to three times over the weekend required to report to the hospital within twenty minutes of being paged.)

The deputies were not able to demonstrate that the frequency of calls approached three to five calls to duty per day like Renfro. Furthermore, even if the deputies had created an issue regarding the frequency of calls, the nature of duties such as prisoner transportation is not comparable to the demands imposed upon the employees in Cross and Renfro. The deputies are not required to report to the sheriff's office in a fixed amount of time. Several deputies testified that they have taken between 15 and 45 minutes before leaving home in response to a call, and no deputy has been officially disciplined for responding late. Under these circumstances, we agree with the district court that the on-call policy was not overly restrictive with regard to response time.

Third, the deputies ability to trade on-call shifts allowed them to effectively use their time for personal pursuits. The Court in Norton v. Worthen Van Services, Inc., 839 F.2d 653, 654-56 (10th Cir. 1988) held that on-call time was not compensable, even though employees were subject to disciplinary action if they failed to respond withinfifteen to twenty minutes of a call, because employees could go "unavailable" and maintain flexibility in their personal time. In Renfro, on the other hand, shift trades were difficult, if not impossible, to arrange, and the firefighters were subject to discipline if they either failed to answer a call-back or were late, and on-call time was compensable. Renfro, 948 F.2d at 1537. Here, the undisputed facts show that the deputies could trade shifts to pursue personal activities without interference.

Finally, the record reveals that the deputies have been able to participate in personal activities while on-call. A number of deputies testified that they engaged in such activities as reading, watching television, doing housework, shopping, gardening and playing with their children. Moreover, some deputies have been able to attend little league games, visit family and friends, and attend religious

8

services. We recognize that these activities may not represent the full range of activities in which the deputies would like to engage. However, we agree with the Fifth Circuit that the test is not whether the employee has "substantially the same flexibility or freedom as he would if not on call, else all or almost all on-call time would be working time, a proposition that settled case law and the administrative guidelines clearly reject." Bright, 934 F.2d at 677. See also Berry, 30 F.3d at 1185 ("The inquiry . . . is not whether the [plaintiffs] are prevented from participating in certain personal activities, but whether they actually engage in personal activities during on-call shifts."). Since the deputies were able to engage in numerous personal activities while on-call, this factor weighs in favor of finding the time non-compensable.

C.

The deputies' final argument is that the district court improperly considered the terms of their collective bargaining agreement to conclude that on-call time was compensable, and argue that under McGrath v. City of Philadelphia, 864 F. Supp. 466 (E.D. Pa. 1994), they cannot bargain away legally guaranteed compensation under the FLSA.

We need not reach this issue for two reasons. First, because we have determined that compensation is not required under the FLSA, the collective bargaining representative did not bargain away something guaranteed by the FLSA. Second, the district court specifically noted that its consideration of this issue was not dispositive. Instead, it stated that other Courts had considered employee acquiescence to uncompensated on-call time as a factor for consideration. See, e.g., Berry v. Sonoma County, 30 F.3d 1174, 1181 (9th Cir. 1994).

IV. Conclusion

In sum, and for the foregoing reasons, we will affirm the summary judgment granted defendants and conclude that the County did not violate the FLSA.

9

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

10