OPINION OF THE COURT
SCHWARZER, District Judge:
We must decide whether plaintiff is entitled to go to trial on his substantive due process claim on evidence that the defendant police officers conducted a high-speed chase of a suspect in violation of regulations, ending when their vehicle rammed the pursued vehicle causing a multi-car collision which severely injured plaintiff, a pedestrian bystander. We hold that County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998), is dispositive and that, in the absence of evidence from which a jury could infer a purpose to cause harm unrelated to the legitimate object of the chase, the evidence does not satisfy the requisite element of arbitrary conduct shocking the conscience. Accordingly, we affirm the summary judgment for defendants.
FACTUAL AND PROCEDURAL BACKGROUND
On the night of November 13, 1994, Dwayne Cook was driving a stolen Acura in a residential neighborhood in Newark, New Jersey. Police officers in two patrol cars observed the Acura stopped in a traffic lane at a stop sign for what the officers considered an unusually long time. Noting also damage to the car’s rear end, the officers decided to investigate and one of the patrol cars moved alongside the Acura to pull it over while the officers had the vehicle plate checked. At this point the Acura pulled away, making a left-hand turn out of the intersection. One of the police cars pulled ahead, coming close to hitting the Acura. The Acura then sped away with the marked police cars in pursuit as close as one car length at speeds up to seventy miles an hour with their overhead lights on but without sirens activated. Cook, knowing he was driving a stolen car, did not stop until one of the police cars, as Cook described it, bumped into the rear of the Acura, giving it a hard push. This caused Cook to hit his head on the steering wheel and to pass out. The Acura spun out of control and collided with two other cars, one of which was propelled into plaintiff, who was standing on the sidewalk, severely injuring him.
Plaintiff filed this action in the District Court against the Township of Hillside, individual Hillside police officers, and owners of the other cars involved in the collision alleging violations of federal and state law. The District Court granted summary judgment for defendants on all of the federal claims and dismissed the state law claims without prejudice under 28 U.S.C. § 1367(c) (1994). Plaintiff appeals the judgment for the individual officers on his 42 U.S.C. §§ 1983 [1] and 1985 *170 (1994) claims and the dismissal of his state law claims.
DISCUSSION
1. 42 U.S.C. § 1983 SUBSTANTIVE DUE PROCESS CLAIM
Plaintiff contends that the facts of this case make it distinguishable from Sacramento County v. Leiuis and therefore preclude summary judgment. Our review is plenary, see Ingram v. County of Bucks, 144 F.3d 265, 267 (3d Cir.1998); we view disputed facts in the light most favorable to plaintiff, and we draw all reasonable inferences in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Getahun v. Office of the Chief Administrative Hearing Officer of the Executive Office for Immigration Review of the United States Department of Justice, 124 F.3d 591, 594 (3d Cir.1997).
Plaintiffs attempted distinction of Lewis rests on three premises: (1) that the officers were not acting on a report of the commission of a crime; (2) that they willfully violated applicable police department regulations; and (3) that they used deadly force on the pursued vehicle. We consider these purported distinctions seriatim.[2]
(1) In Lewis, the police pursued two boys on a motorcycle which the officers observed operating at high speed. See 118 S.Ct. at 1712. Neither boy had anything to do with the fight that had prompted the call that brought the officers to the scene. See id. In this case, the officers’ suspicions were raised by Cook’s unusually long stop at the intersection and rear-end damage to the car. Nothing in Lewis suggests that courts are free to second-guess a police officer’s decision to initiate pursuit of a suspect so long as the officers were acting “in the service of a legitimate governmental objective,” id. at 1716, here, to apprehend one fleeing the police officers’ legitimate investigation of suspicious behavior. Because such circumstances, requiring a balancing of the need to stop a suspect’s flight from the law against the threat a high-speed chase poses to others, “demand an officer’s instant judgment, even precipitate recklessness fails to [suffice for Due Process liability.]” Id. at 1720. The critical factor in determining whether Fourteenth Amendment liability for a high-speed chase may be imposed is whether the officer’s conduct can be found to shock the conscience, for which the evidence must show intent to harm the suspect physically. See id.
(2) In Lewis, the court of appeals had reversed summary judgment for the defendant officer, finding a triable issue of fact because he had “apparently disregarded the Sacramento County Sheriffs Department’s General Order on police pursuits.” Id. at 1712. The Supreme Court reversed, holding that “high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment,” and that “[t]he fault claimed on [the officer’s] part ... fails to meet the shocks-the-conscience test.” Id. at 1720. Lewis thus squarely refutes plaintiffs contention that the officers’ violation of police department regulations, which might be probative of recklessness or conscious disregard of plaintiffs safety, suffices to meet the shocks-the-conscience test under the due process clause.
*171 (3) In Lewis, the chase ended when the pursued motorcycle tipped over, throwing Lewis to the pavement where the police car coming to a stop accidentally skidded into him causing his injury. Here, the chase ended when the pursuing police car bumped into the rear of Cook’s car, causing him to lose control of the car, which led to the collision in which plaintiff was injured. Plaintiff argues that the deliberate ramming of Cook’s car by the police vehicle amounted to use of a deadly weapon, which permits the drawing of an inference that the police acted with the intent to cause physical injury. We disagree. Lewis does not permit an inference of intent to harm simply because a chase eventuates in deliberate physical contact causing injury. Rather, it is “conduct intended to injure in some way unjustifiable by any government interest [that] is the sort of official action most likely to rise to the conscience-shocking level.” Id. at 1718 (emphasis added). It is not disputed that the ramming occurred in the course of the chase. That physical contact of some sort between the pursued and pursuing vehicles might occur in the course of a high-speed chase, particularly at its conclusion, is foreseeable. It would undermine Lewis ’ premise to limit liability to conscience-shocking conduct if courts were to segment a high-speed chase and examine elements in isolation from each other.
Here then, as in Lewis, the officers were faced with lawless behavior — the flight from their investigation — for which they were not to blame. They had done nothing to cause Cook’s high-speed driving or his flouting of their law-enforcement authority. Cook’s action was instantaneous and so, by necessity, was the officers’ response. Their intent was to do their job as law enforcement officers, not to cause injury. If they acted recklessly or imprudently, there is no evidence that their actions “were tainted by an improper or malicious motive.” Id. at 1721. Because their actions did not shock the conscience, they were entitled to summary judgment.
II. 42 U.S.C. § 1985 CLAIM
Plaintiff also alleges that two of the individual police officers who chased Cook violated 42 U.S.C. § 1985 (1994) by filing false or misleading statements to investigators about their conduct on the night of the accident in an attempt to hide their culpable conduct. The only provision of § 1985 that could be relevant to plaintiffs allegation is the second part of § 1985(2), which prohibits conspiracy to obstruct justice with the intent to deny equal protection of the laws. Because plaintiff does not allege that the officers colluded with the requisite “ ‘racial, or ... otherwise class-based, invidiously discriminatory animus,’ ” see Kush v. Rutledge, 460 U.S. 719, 725, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)), the district court correctly dismissed this claim.
III. STATE LAW NEGLIGENCE CLAIMS
Having dismissed all of plaintiffs federal claims, the district court dismissed without prejudice the state law claims against the owners of the civilian cars involved in the accident pursuant to 28 U.S.C. § 1367(c). The district court had discretion to do so and we find no error.
CONCLUSION
The judgment is AFFIRMED.

. The District Court interpreted plaintiffs § 1983 claim as a substantive due process claim. On appeal, plaintiff properly does not take issue with that interpretation. Even if the use of a police car to stop Cook's flight could be found to be a Fourth Amendment seizure, see Brower v. County of Inyo, 489 U.S. 593, 599, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989); Adams v. St. Lucie County Sheriffs Dep't, 962 F.2d 1563, 1571 (11th Cir.1992), the claim would be personal to Cook and could not be asserted by a bystander such as plaintiff. See Rakas v. Illinois, 439 U.S. 128, 133-34, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). Substantive due process analysis is therefore appropriate in this case because plaintiff's claim is .not covered by the Fourth Amendment. Lewis, 118 S.Ct. at 1714.

. Another distinction, not raised by plaintiff and immaterial to the outcome of this case, is that in Lewis the injury was to a suspect while in this case it was to a bystander. In our pre-Lewis decision in Fagan v. City of Vineland, 22 F.3d 1296 (3d Cir.1994), we applied the shocks-the-conscience standard to the § 1983 claims of bystanders, without discussion. We agree with the Ninth Circuit’s reasoning in Onossian v. Block, 175 F.3d 1169, 1171 (1999), that under Lewis "if a police officer is justified in giving chase, that justification insulates the officer from constitutional attack, irrespective of who might be harmed or killed as a consequence of the chase.” See also Jones v. Sherrill, 827 F.2d 1102, 1106-7 (6th Cir.1987) (similar standard applied to injured bystander).