**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-1004

EMMETT JOHNSON JAFARI,

Plaintiff - Appellant,

v.

THE OLD DOMINION TRANSIT MANAGEMENT COMPANY, a/k/a The
Greater Richmond Transit Company (GRTC),

Defendant – Appellee.

-----------------------------------

SECRETARY OF LABOR; EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Amici Supporting Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   James R. Spencer, Chief
District Judge.  (3:08-cv-00629-JRS)

Argued: December 6, 2011          Decided: January 27, 2012

Before TRAXLER, Chief Judge, and DUNCAN and AGEE, Circuit
Judges.

Reversed in part, affirmed in part, and remanded by unpublished
opinion.  Judge Duncan wrote the opinion, in which Chief Judge
Traxler and Judge Agee joined.

**ARGUED:** Denise M. Clark, CLARK LAW GROUP, PLLC, Washington,
D.C., for Appellant.   Charles Randolph Sullivan, HUNTON &

WILLIAMS, LLP, Richmond, Virginia, for Appellee. **ON BRIEF:** P. David Lopez, General Counsel, Lorraine C. Davis, Acting Associate General Counsel, Vincent J. Blackwood, Assistant General Counsel, Barbara L. Sloan, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C.; M. Patricia Smith, Solicitor of Labor, Jennifer S. Brand, Associate Solicitor, Paul L. Frieden, Counsel for Appellate Litigation, Nickole C. Winnett, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Amici Supporting Appellant. Sarah E. Bruscia, HUNTON & WILLIAMS, LLP, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

DUNCAN, Circuit Judge:

Appellant Emmett Jafari appeals from the Rule 12(b)(6) dismissal of his claims against his former employer, Old Dominion Transit Management, a/k/a The Greater Richmond Transit Company ("GRTC"), for retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3); for interference with protected rights under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140; and for defamation under Virginia law. For the following reasons, we reverse and remand in part and affirm in part.

## I.

## A.

On February 20, 2006, GRTC hired Jafari as an employee in its C-Van department.[1] The C-Van department provides transportation to work and daycare facilities for participants in the Virginia Initiative for Employment not Welfare ("VIEW") program referred to GRTC by local Departments of Social Services. According to Jafari, his employment with GRTC was at-will, and he "had no supervisory responsibilities, was eligible

---

[1] Because the district court dismissed Jafari's complaint pursuant to Rule 12(b)(6), we take the allegations included in his complaint to be true. Novell, Inc. v. Microsoft Corp., 505 F.3d 302, 307 (4th Cir. 2007). This section therefore recounts the facts relevant to this appeal as alleged by Jafari.

for overtime pay, . . . and possessed the authority to monitor C-Van drivers." J.A. 14. GRTC disclosed that Jafari's position might require weekend work and that GRTC "provided employee benefit plans upon completion of its probationary period, at no cost to [Jafari]." Id.

After a brief training period, Jafari assumed his responsibilities in the C-Van department. These responsibilities included the requirement that Jafari be on call every other weekend. Jafari claims that, from the beginning, he performed his job conscientiously and diligently.

In December 2006, GRTC announced a new employee compensation plan and "invited employee inquiries on the topic." J.A. 15. Jafari alleges that he was not being compensated according to the new plan and that he raised this issue with GRTC management. According to Jafari, Kimberly Ackerman, GRTC's Director of Human Resources, acknowledged that Jafari's compensation was below the new plan rate, but she postponed discussion of the topic until Jafari's annual evaluation. At his February 2007 evaluation, however, Jafari alleges that Ackerman did not increase Jafari's compensation to "even the lowest salary within the Plan's pay grade." Id. Jafari continued to receive below-grade compensation despite having received a "near perfect" evaluation in March 2007. J.A. 16.

4

After raising concerns about his compensation, Jafari began to experience problems at work. Specifically, he alleges that GRTC "diminish[ed] his VIEW responsibilities" and actively sought complaints about him from VIEW participants. J.A. 16. Jafari also alleges that, in April 2007, GRTC assigned him new responsibilities related to the Henrico Community Assistance Ride Enterprise ("CARE") program without affording him a concomitant increase in pay.

In October 2007, GRTC Chief Operating Officer Eldridge Coles reported receiving a complaint about Jafari from a VIEW client. Specifically, Coles stated that Jafari had told a client "if she had something to say, to say it to [his] face." J.A. 16. As a result of this complaint, Jafari was instructed not to go to a client's home unless sent by a dispatcher or supervisor.

Jafari filed an "official complaint" with GRTC management about his wages and "GRTC's defamatory actions" in December 2007. J.A. 17. According to Jafari, Coles assured Jafari that the issues he raised would be dealt with internally, and specifically asked Jafari not to go outside the company with his concerns.

Without resolving these concerns, on February 1, 2008, GRTC fired Jafari. Jafari was informed of his termination when Coles called Jafari and Jafari's supervisor, Sandra Stanley, into his

office.  Ackerman joined them shortly after, handing Coles a sealed envelope as she arrived.  Coles handed Jafari the letter and informed him, "[W]e have decided to terminate your employment with GRTC."  J.A. 20.  When Jafari asked why, Coles responded, "[Y]our supervisory skills have diminished."  Id. Coles then stated, "[T]he letter will fully inform you."  Id. Jafari took the sealed letter and left Coles's office.  Ackerman and Stanley were both present during this conversation.

B.

Jafari originally filed the action now before us as a Sworn Motion for Judgment in the Circuit Court for the City of Richmond on August 25, 2008.  As relevant to this appeal, Jafari alleged that GRTC had retaliated against him in violation of the FLSA's antiretaliation provision, that it had violated ERISA by terminating his employment before his benefits vested, and that it had defamed him.[2]  Jafari's defamation claims were based upon (1) Coles's statement that a VIEW client had complained about Jafari, (2) statements included in the termination letter Coles presented to Jafari, and (3) statements made to Jafari during the meeting at which he was terminated, in the presence of

---

[2] Jafari's complaint also alleged numerous other causes of action, the dismissal of which he has not challenged on appeal.

6

"others beyond a door." J.A. 24. He sought damages of $1 million.

GRTC removed the case to the United States District Court for the Eastern District of Virginia on September 26, 2008, citing federal question jurisdiction under 28 U.S.C. § 1331 based upon Jafari's claims under the FLSA and ERISA. Jafari initially opposed the removal, but subsequently withdrew his motion to remand on October 17, 2008.

On October 2, 2010, GRTC filed a motion to dismiss. In an order dated November 26, 2008, the district court granted GTRC's Rule 12(b)(6) motion in part and denied it in part. With regard to the three causes of action relevant for our purposes, the district court first found that Jafari had failed to state a claim under the FLSA's antiretaliation provision because, based upon its interpretation of our case law, it held that an employee's complaints to his employer do not constitute protected activity under 29 U.S.C. § 215(a)(3). The district court likewise held that Jafari had not properly alleged facts sufficient to state a claim under ERISA's antiretaliation provision, 29 U.S.C. § 1140, because he did not claim that GRTC had terminated him with the specific intent to interfere with his pension rights. Next, the district court dismissed Jafari's defamation claim based on the termination letter because, even assuming the letter contained actionable statements, Jafari did

7

not properly allege publication of any statement contained in the letter, as required by Virginia law. It likewise dismissed Jafari's defamation claim based on the statements made during the termination meeting to Jafari about his job performance, finding that the statements were opinions, and thus not actionable under Virginia law. The only claim that survived GRTC's motion to dismiss was Jafari's defamation claim based on Coles's statement regarding the alleged VIEW client complaint. The district court opined that Jafari had properly alleged both an actionable statement and publication. Because no federal question remained, the district court remanded this surviving claim to the Circuit Court for the City of Richmond.

Jafari filed a timely pro se appeal and submitted an informal brief. He subsequently retained counsel and participated in formal briefing. On the issue of whether intracompany complaints are protected activity within the meaning of § 215(a)(3) of the FLSA, Jafari is joined by the Secretary of Labor and the Equal Employment Opportunity Commission as amici curiae.

## II.

On appeal, Jafari advances three arguments. First, he argues that the district court erred by dismissing his FLSA retaliation claim, contending that intracompany complaints may

8

constitute protected activity under the FLSA's antiretaliation provision. Second, Jafari contends that the district court's dismissal of his ERISA retaliation claim was improper because his complaint alleged that GRTC's termination of his employment was motivated by discriminatory intent. Finally, Jafari asserts that the district court should not have dismissed his claim for defamation based on the termination letter because his complaint properly alleged publication of the statements contained in the letter. We address each of these contentions in turn. In doing so, we review the district court's Rule 12(b)(6) dismissal of Jafari's claims de novo. Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009).

## A.

Section 215(a)(3) of the FLSA makes it unlawful for a covered employer to "discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding." Jafari contends that the district court erred by holding that complaining to one's employer about an alleged FLSA violation does not constitute "fil[ing] any complaint" within the meaning of the

9

statute.  Contrary to the district court's assessment,[3] this circuit had not previously stated whether an employee's complaint lodged within his company--as opposed to a complaint filed with a court or government agency--may trigger the protection of the FLSA's antiretaliation provision.

Drawing upon the reasoning in the Supreme Court's recent decision in Kasten v. Saint-Gobain Performance Plastics Corp., 131 S. Ct. 1325 (2011), and for the reasons explained more fully in our concurrently filed published opinion, No. 10-1258, Minor v. Bostwick Laboratories, Inc., we conclude that intracompany complaints may constitute protected activity within the meaning of 29 U.S.C. § 215(a)(3).  As such, we reverse the district court on this ground.

In Minor, we first determined that neither Kasten nor our previous opinion, Ball v. Memphis Bar-B-Q Co., 228 F.3d 360 (4th Cir. 2000)--in which we addressed the FLSA's antiretaliation provision in a different context--was directly controlling.  We next reasoned that an inquiry into the plain meaning of the

---

[3] The district court held that our unpublished, per curiam opinion in Whitten v. City of Easely, 62 F. App'x 477 (4th Cir. 2003), was dispositive in this case.  Although it is true that in Whitten, we stated that "the FLSA's antiretaliation provision does not extend to internal complaints," id. at 480, as an unpublished decision, Whitten "provides no precedential authority" in this circuit, United States v. Hood, 628 F.3d 669, 672 (4th Cir. 2010).

relevant portion of the statute--"filed any complaint"--does not provide a definitive answer regarding whether intracompany complaints constitute protected activity.  Having determined that the language "filed any complaint" is ambiguous, we then looked to "functional considerations" to guide our interpretation of § 215(a)(3).  Kasten, 131 S. Ct. at 1333.  We recognized that the basic purpose of the FLSA is to combat improper labor conditions and that Congress intended the antiretaliation provision to provide broad protection for those who raise concerns about such detrimental conditions.  Viewing the statute through this lens, we concluded that reading the FLSA's antiretaliation provision to consider intracompany complaints as protected activity best effectuates the statute's purpose.  We therefore held that an employee's complaint to his employer may constitute "fil[ing] any complaint" within the meaning of § 215(a)(3).  We reaffirm that holding here.

As in Minor, we emphasize here that "the statute requires fair notice" to employers, and that not every instance of an employee "letting off steam" constitutes the filing of a complaint within the meaning of § 215(a)(3).  Kasten, 131 S. Ct. at 1334.  Thus, the proper standard for the district court to apply on remand is the test articulated in Kasten, which we adopted in Minor: whether an employee's complaint to his employer was "sufficiently clear and detailed for a reasonable

11

employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." Id. at 1335.

Because an employee's intracompany complaint may constitute protected activity within the meaning of § 215(a)(3), we hold that the district court erred by dismissing Jafari's complaint. Jafari's allegations that he filed an "official complaint" with GRTC management and that GRTC specifically asked him not to raise his grievance outside the company are sufficient to advance his claim past the Rule 12(b)(6) stage. J.A. 17.

B.

Jafari next contends that the district court incorrectly dismissed his claim that GRTC interfered with his attainment of rights under his benefit plan in violation of 29 U.S.C. § 1140. Although he makes this argument in his formal brief, Jafari failed to raise it in the informal brief he filed with this court.

Local Rule 34(b) sets out the procedures a pro se appellant must follow when filing an appeal in this circuit. It requires that the clerk notify the pro se appellant that he "shall file . . . an informal brief, listing the specific issues and supporting facts and arguments raised on appeal." 4th Cir. R. 34(b). The rule clearly provides that "[t]he [c]ourt will limit its review to the issues raised in the informal brief." Id.

12

Jafari's failure to include the district court's dismissal of his ERISA claims results in his informal brief waives these claims on appeal.

C.

Jafari finally contends that the district court erred by dismissing his claim for defamation "related to Coles' statements about his job performance as reflected in the [t]ermination letter." Appellant's Br. 18. The district court dismissed this claim on the ground that Jafari failed to allege publication of any facts in the termination letter, as required under Virginia law. Jafari argues on appeal that "if the [c]omplaint is viewed as a whole, the allegations that the contents of the letter were openly discussed during the [termination] meeting [demonstrate that] Jafari alleged facts regarding other individuals who could hear the statements beyond the door, suggesting that individuals who had no supervisory authority over him could hear the statements." Appellant's Br. 18-19. Upon review, we conclude that the complaint does not, in fact, contain such allegations. As such, we affirm the district court's dismissal of this claim.

13

"In Virginia, the elements of libel[4] are (1) publication of (2) an actionable statement with (3) the requisite intent." Jordan v. Kollman, 612 S.E. 2d 203, 206 (Va. 2005). Publication requires that the actionable statement be communicated "to some third person so as to be . . . understood by such person." Thalhimer Bros. v. Shaw, 159 S.E. 87, 90 (Va. 1931). An actionable statement is one that is both false and defamatory. Jordan, 612 S.E. 2d at 206.

Jafari argues that the publication element was fulfilled when "Coles reiterated . . . allegations in the [t]ermination [l]etter" in the presence of "others beyond a door." Appellant's Br. 18. As GRTC points out, however, Jafari did not allege in his complaint that Coles read any of the termination letter aloud. The sections of the complaint Jafari directs our attention to contain allegations that Coles asked Jafari to come to his office, where the two were joined by two other members of GRTC management. As described above, Coles allegedly handed Jafari a letter and stated, "[W]e have decided to terminate your employment with GRTC." J.A. 20. The complaint also alleges that Jafari asked why and Coles responded "'your supervisory skills have diminished,' and then stated 'the letter will fully

---

[4] In Virginia, defamation in written format is typically termed libel. Jordan v. Kollman, 612 S.E. 2d 203, 206 (Va. 2005).

14

inform you.'" J.A. 20. The complaint elsewhere contains similar allegations that Coles made the statement about Jafari's supervisory skills, but it never alleges that Coles or any other GRTC employee read the letter aloud or circulated the letter to anyone outside of GRTC management. Therefore, Jafari's argument before us on appeal not only does not address the publication element the district court found lacking, it mischaracterizes his complaint.

Perhaps recognizing this problem, Jafari attempts to recast his contention in his reply brief, claiming that "the only statement at issue on appeal is the statement made to Mr. Jafari about his job performance at the [d]ischarge [m]eeting while others were outside the door." Appellant's Rep. Br. 13. To the contrary, although Jafari's opening brief is not a model of clarity, a fair reading shows that Jafari only evinces an intent to appeal the district court's decision about the termination letter. Tellingly, in his opening brief, Jafari only makes arguments about publication, which is the ground on which the district court dismissed his defamation claim based on the termination letter. Conversely, the district court dismissed Jafari's claim based on Coles's statement about Jafari's job performance on the ground that it was one of opinion, rather than an actionable statement of fact. That Jafari only addresses publication, and not opinion, in his opening brief

15

makes it clear that he did not properly raise the issue of the district court's dismissal of his claim based upon Coles's statements at that point. We consider arguments not raised in an appellant's opening brief to be waived. See, e.g., Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001). Therefore, we decline to address this alternative claim.

III.

For the foregoing reasons, the judgment of the district court with regard to Jafari's claims under 29 U.S.C. § 215(a)(3) is reversed and remanded for proceedings consistent with this opinion. We affirm the district court's judgment in all other respects.

REVERSED IN PART,
AFFIRMED IN PART,
AND REMANDED

16