In the

# United States Court of Appeals
## For the Seventh Circuit

No. 08-1417

KEVIN UNTHANK,

*Petitioner-Appellant*,

*v.*

BRIAN JETT, Warden, Federal Correctional Institution
at Terre Haute, Indiana,

*Respondent-Appellee*.

Appeal from the United States District Court for the
Southern District of Indiana, Terre Haute Division.
No. 2:07-cv-0096-LJM-WTL—**Larry J. McKinney**, *Judge*.

ARGUED NOVEMBER 5, 2008—DECIDED DECEMBER 4, 2008

Before EASTERBROOK, *Chief Judge*, and RIPPLE and
ROVNER, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. More than a decade ago, we
affirmed Kevin Unthank's conviction and 262-month
sentence for violating federal drug laws. *United States v.
Unthank*, 109 F.3d 1205 (7th Cir. 1997). Ever since, he has
been trying to have the conviction vacated or the sentence
reduced. In 1998 he filed a motion under 28 U.S.C. §2255;

it was denied. In 2001 he sought leave from this court to commence a second collateral attack; that request was denied. In 2002, after his transfer to a federal prison in Kentucky, Unthank filed a petition for a writ of habeas corpus under 28 U.S.C. §2241. That petition was dismissed because the remedy under §2255 is exclusive. *Unthank v. Sanders*, No. 02-cv-56-HRW (E.D. Ky. June 28, 2002). Next Unthank asked the sentencing court (in the Southern District of Illinois) to "correct the presentence report"; the judge saw this as a thinly disguised collateral attack, see *Gonzalez v. Crosby*, 545 U.S. 524 (2005), and dismissed it as an unauthorized successive petition. After his 2007 transfer to a prison in Indiana, Unthank tried yet again. He filed a §2241 petition in the Southern District of Indiana, which agreed with the Eastern District of Kentucky and dismissed the petition, leading to this appeal.

Unthank believes that he is entitled to a reduced punishment because, after sentence was imposed in his federal case, one of his state convictions was vacated. Recalculating his criminal history in light of the state court's decision would (or at least could) have led to a lower federal penalty. The Supreme Court concluded in *Johnson v. United States*, 544 U.S. 295 (2005), that the post-sentencing vacatur of a state conviction that affected the federal sentence may in principle support relief under §2255. Moreover, the Court held in *Johnson*, vacatur is a new "fact" that opens a one-year window to seek collateral relief. See 28 U.S.C. §2255(f)(4).

But Unthank's collateral attack in 1998 blocks access to the kind of review authorized by *Johnson*. Section 2255

allows only one collateral attack unless the prisoner meets the conditions in §2255(h): "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Unthank does not rely on a new rule of constitutional law, and the vacatur of his state conviction, although a new "fact" under *Johnson*, is not one that shows him innocent of the drug crime. So, as we concluded in 2001, Unthank cannot use §2255(h) to proceed a second time under §2255.

This leads Unthank to contend that he may employ §2241 instead. According to §2255(e), a federal prisoner may use §2241 to contest his conviction or sentence only when "the remedy by motion [under §2255] is inadequate or ineffective to test the legality of his detention." When §2255(h) blocks a successive petition, Unthank submits, §2255 is inadequate and ineffective.

*Taylor v. Gilkey*, 314 F.3d 832 (7th Cir. 2002), considers and rejects this line of argument. Taylor wanted to make arguments based on a new decision of the Supreme Court that, he maintained, showed that the disposition of his first §2255 proceeding had been mistaken. The intervening decision did not, however, create a new and retroactive rule of constitutional law; at most it just showed that an error had been made in applying an old rule to Taylor's situation. Section 2255(h) thus did not allow a second

collateral attack, which set up Taylor's argument that whenever §2255(h) closes the door to a renewed challenge under §2255, then §2255(e) must open the door to a challenge under §2241. We replied that this would make §2255(h) self-defeating:

> To say that [the] limitations [adopted in 1996] authorize further collateral proceedings would be to use [§2255(e)] to return the courts to the world of *Sanders v. United States*, 373 U.S. 1 (1963), in which prisoners may file as many collateral attacks as they please, provided that they don't abuse the writ. One goal of the Antiterrorism and Effective Death Penalty Act of 1996, which added §2244(b) and [§2255(h)] to the Judicial Code, was to replace *Sanders* with an approach under which only defined circumstances permit successive collateral attacks. See *Burris v. Parke*, 95 F.3d 465 (7th Cir. 1996) (en banc). The escape hatch in [§2255(e)] must be applied in light of that history.

314 F.3d at 836. If Unthank wanted to use §2255 to argue for a lower sentence after asking a state court to vacate one or more of his prior convictions, he had only to refrain from filing a collateral attack until the state court had acted. He may have used unwisely the one §2255 motion allowed as of right, but he *did* use it in 1998 and has not met the statutory requirements for an additional round of collateral review.

Quite apart from the limit on successive collateral attacks, §2255 is inadequate or ineffective only when a prisoner is unable to present a claim of actual innocence.

Normally innocence may be demonstrated during the criminal prosecution (including the direct appeal) or a §2255 motion filed within a year of the conviction's finality. But if, after the year has passed, the Supreme Court interprets the statute underlying the conviction in a way that shows that the defendant did not commit a crime, §2255 is unavailable—for even though such a statutory decision supports collateral relief, see *Davis v. United States*, 417 U.S. 333 (1974), §2255(f) and (h) do not authorize new (or belated) collateral attacks in response to statutory interpretations. "Because Congress may have overlooked the possibility that new and retroactive statutory decisions [showing that the defendant did not commit a crime] could support collateral review, we held in [*In re Davenport*, 147 F.3d 605 (7th Cir. 1998),] that for this small class of situations §2255 is 'inadequate or ineffective to test the legality of [the] detention.' See also *Gray-Bey v. United States*, 209 F.3d 986 (7th Cir. 2000)." *Taylor*, 314 F.3d at 835.

Unthank does not contend that a glitch in §2255 prevents application to his situation of a retroactive decision of the Supreme Court. Nor does he claim to be innocent of the current crime. He says only that his sentence is too high, and as we explained in *Hope v. United States*, 108 F.3d 119 (7th Cir. 1997), this differs from a claim that he is innocent of the crime of which he was convicted.

AFFIRMED