**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-8096**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

ROBERT EARL HAIRSTON,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:99-cr-00011-RLV-3; 5:12-cv-00021-RLV)

_____

Argued: May 14, 2014                    Decided: June 11, 2014

_____

Before GREGORY and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Reversed and remanded by published opinion. Senior Judge Davis wrote the opinion, in which Judge Gregory and Judge Thacker joined.

_____

**ARGUED:** Stephanie D. Taylor, JONES DAY, Pittsburgh, Pennsylvania, for Appellant. William Michael Miller, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Lawrence D. Rosenberg, JONES DAY, Washington, D.C., for Appellant. Anne M. Tompkins, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

DAVIS, Senior Circuit Judge:

Appellant Robert Earl Hairston pled guilty to conspiracy to possess with intent to distribute narcotics in 2003. He was sentenced to 324 months based on a Sentencing Guidelines range of 324-405 months, taking into account his category IV criminal history. In 2012, after a state court vacated one of his convictions which contributed to his criminal history category, Hairston filed a motion pursuant to 28 U.S.C. § 2255, not his first one, arguing that the vacatur lowered his criminal history to category III resulting in a lower Guidelines range. The district court dismissed the claim under 28 U.S.C. §§ 2244(b)(3)(a) and 2255(h), holding that Hairston did not meet the requirements of a permissible second or successive motion to vacate. We hold that Hairston's motion is not successive; accordingly, we reverse and remand.

I

On February 21, 2003, Hairston pled guilty to conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana. In the presentence report (PSR), the Probation Officer recommended an adjusted offense level of 38, accounting for Hairston's leadership role and acceptance of responsibility. The Probation Officer found a criminal history category of IV based on five criminal history points and an adjustment for committing certain offenses while on probation. One of the

2

convictions detailed in Hairston's history was from November 30, 1991, when Hairston was convicted of the offense of "No Operator's License" in Newton, North Carolina, and sentenced to six months suspended imprisonment and three years probation. The Probation Officer recommended a final Guidelines range of 324-405 months.

Hairston objected to the PSR's inclusion of the criminal history point on the basis of the North Carolina No Operator's License conviction, denying that he was in North Carolina at the time specified. At the sentencing hearing, however, defense counsel essentially conceded that Hairston could not disprove the conviction as detailed in the PSR. The district court adopted the PSR's recommendations and pronounced a sentence of 324 months, which was subsequently reduced to 210 months. See infra n.2.

Within a year of his sentencing, Hairston filed a § 2255 motion to vacate his sentence, which the district court denied shortly thereafter.[1] Also that year, Hairston filed a motion in North Carolina state court, seeking to vacate the No Operator's

---

[1] Hairston grounded his first § 2255 motion on alleged violations of his Fifth and Sixth Amendment rights, alleging that: the police had coercively obtained coconspirator statements; the prosecution had withheld exculpatory information; and his trial counsel was constitutionally ineffective.

License conviction. Though initially unsuccessful, Hairston continued to file motions in state court seeking vacatur. Eight years later, Hairston's efforts met with success and on August 17, 2011, the state court vacated his No Operator's License conviction based on a finding that he was denied assistance of counsel.

Hairston then returned to federal court, filing his current § 2255 motion. He sought a resentencing; without the No Operator's License conviction, his criminal history would be lowered to category III resulting in a Guidelines range of 188-235 months.[2] On October 10, 2012, the district court dismissed Hairston's motion as an unauthorized second or successive motion pursuant to 28 U.S.C. § 2244(b)(3)(A).

Hairston timely moved for a Certificate of Appealability (COA) from this Court. On May 9, 2013, we granted the COA on the following issue: "whether Hairston's numerically second § 2255 motion is a 'second or successive' motion for purposes of 28 U.S.C. § 2255(h), where the basis for his claim did not arise

---

[2] Applying this requested change to his initial sentence would have reduced his Guidelines range to 292-365 months. In fact, as a result of two intervening retroactive amendments to the Sentencing Guidelines for crack cocaine convictions, Hairston's base offense level is now 34 rather than 38, and the district court has previously reduced Hairston's sentence from 324 months to 210 months, within the now applicable Guidelines range.

4

until after the district court denied his first § 2255 motion." J.A. 147. Thereafter, we appointed counsel to represent Hairston and calendared the case for argument.

II

As a preliminary matter, the Government argues that in his plea agreement Hairston waived his right to seek relief under § 2255. But as Hairston points out, and we agree, the Government has waived this waiver argument. See United States v. Metzger, 3 F.3d 756, 757-58 (4th Cir. 1993).

It is long-settled that we "limit [our] review to the issues raised in the informal brief." Loc. R. App. P. 34(b). We have held that where a defendant has signed an appeal waiver, the Government can utilize one of three options: it can "(1) raise the appeal waiver issue . . . ; (2) assert that it is no longer bound by the plea agreement because the defendant's appeal amounts to a breach of that agreement; or (3) decline to rely on the appeal waiver and address the merits." United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (internal citations omitted). The Government chose the last option in this case by failing to raise the issue of waiver in its informal brief and instead addressing the merits; it is foreclosed from changing tactics now.

We discern no legitimate reason to decline to hold the Government to its forfeiture. After we granted a COA to consider

5

the successive motion issue, we ordered the Government to file its informal brief. Thereafter, the Government sought, and we granted, an extension of time, nunc pro tunc, giving the Government an additional five weeks within which to file its informal brief. The Government chose not to invoke the plea agreement's waiver of appeal and post-conviction rights and instead argued only the merits of the issue on which we granted a COA. Indeed, the Government urged in its informal brief that we decide this case without oral argument. It would be a perverse non-application of Local Rule 34(b), therefore, for us to entertain the Government's forfeited argument under the circumstances of this case and we decline to do so.[3]

### III

Hairston argues that the district court erred in dismissing his § 2255 motion as a second or successive motion. We agree.

When considering the denial of a § 2255 motion to vacate, we review a district court's legal conclusions de novo. United

---

[3] Albeit in an unpublished opinion, see Jafari v. Old Dominion Transit Mgmt. Co., 462 Fed. App'x 385, 389-90 (4th Cir. Jan. 27, 2012), we have enforced Rule 34(b) under circumstances substantially similar to those presented in this case. There, the pro se appellant had filed an informal brief that failed to make an argument as to one claim that had been dismissed by the district court. He subsequently retained counsel who filed a formal brief making the forfeited argument and we calendared the case for oral argument. We enforced Rule 34(b) in that instance just as we do here. Id. at 389-90.

6

States v. Nicholson, 475 F.3d 241, 248 (4th Cir. 2007). This Court's review is limited to those issues for which we have granted a Certificate of Appealability. Id. at 244; 28 U.S.C. § 2253(c)(2).

The Antiterrorism and Effective Death Penalty Act of 1996 mandates that if a defendant has already filed one motion for collateral relief to vacate, set aside, or correct a sentence, a

> second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The district court held that because Hairston had failed to get the requisite certification from this Court, his motion must be denied. Hairston argues that his motion should not be considered within § 2255(h) at all, as it is not truly a "second or successive petition." Other circuits have considered the question of whether a motion is second or successive when the grounds for challenging the movant's sentence did not exist at the time he filed his first motion to vacate, specifically in the context of asking to reopen a federal sentence after the

7

vacatur of a state conviction. Both the Tenth and Eleventh Circuits have held that such motions are not second or successive. In re Weathersby, 717 F.3d 1108, 1111 (10th Cir. 2013); Stewart v. United States, 646 F.3d 856, 863-65 (11th Cir. 2011).

In Stewart, the movant filed a numerically second § 2255 motion requesting vacatur of his career offender enhancement after a Georgia state court vacated a predicate state conviction. Stewart, 646 F.3d at 858. The court there began with a discussion of Johnson v. United States, 544 U.S. 295, 302 (2005), which held that the vacatur of a state conviction constituted a new fact, restarting the one-year statute of limitations on § 2255 motions. The Stewart court then pointed to a decision from the Fifth Circuit, which held that "'[i]f . . . the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.'" 646 F.3d at 861 (quoting Leal Garcia v. Quarterman, 573 F.3d 214, 222 (5th Cir. 2009)). The Eleventh Circuit rejected the Government's argument that Stewart should have simply waited to file his first § 2255 motion as "untenable," stating that such an approach would "force petitioners like Stewart to choose between claims available immediately—such as claims alleging ineffective assistance of

8

counsel—and those available only later—such as <u>Johnson</u> claims." <u>Id.</u> at 864. Accordingly, the court held that "because attempting to raise his <u>Johnson</u> claim in his initial § 2255 petition would have been an empty formality, Stewart was permitted to raise it in a second, diligently pursued § 2255 motion." <u>Id.</u> at 865.

The Government urges us to reject <u>Stewart</u> and its cousin, <u>Weathersby</u>, instead pointing to <u>Unthank v. Jett</u>, 549 F.3d 534, 535 (7th Cir. 2008). There, the Seventh Circuit held that even though the vacatur of a state conviction constituted a "new fact" under <u>Johnson</u>, it was still insufficient under the requirements of § 2255(h) for considering a second or successive motion. <u>Id.</u> at 535. <u>Unthank</u> is inapposite, however; the court there did not even consider the baseline argument that Unthank's motion should not be considered second or successive. Indeed, subsequent case law indicates that the view of the Seventh Circuit is actually aligned with those of the Tenth and Eleventh circuits. <u>See</u> <u>United States v. Obeid</u>, 707 F.3d 898, 903 (7th Cir. 2013) ("Seeing no reason to part ways with our sister circuits, however, we join them in concluding that a petition or motion based on a claim that did not become ripe any earlier than until after the adjudication of the petitioner's first petition or motion is not 'second or successive' within the meaning of Sections 2244 and 2255(h).").

9

In any event, we are persuaded by the reasoning of our colleagues in the Tenth and Eleventh Circuits. As we have previously recognized, "it is settled law that not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." In re Williams, 444 F.3d 233, 235 (4th Cir. 2006) (§ 2254 case); see also Panetti v. Quarterman, 551 U.S. 930, 942-47 (2007) (holding that a numerically second § 2254 habeas petition is not governed by the strictures of § 2244(b)(2) on second or successive petitions where the claim was not ripe at the time of the initial petition). Indeed, we have allowed a numerically second § 2255 motion where the claim arose at a resentencing hearing afforded to a movant as a result of his first § 2255 motion. In re Taylor, 171 F.3d 185, 187-88 (4th Cir. 1999). There, we acknowledged that "a claim which did not arise until after a prior petition was filed" should not be "barred as 'second or successive.'" Id. at 187. The same principles apply here.[4]

---

[4] See also United States v. Buenrostro, 638 F.3d 720, 725 (9th Cir. 2011) (allowing a numerically second § 2255 motion as "[p]risoners may file second-in-time petitions based on events that do not occur until a first petition is concluded"); In re Jones, 652 F.3d 603, 605 (6th Cir. 2010) (allowing a numerically second § 2244 motion as "Jones's ex post facto claim was unripe when his initial petition was filed-the events giving rise to the claim had not yet occurred").

10

In light of our own precedents, we find the reasoning of Stewart and Weathersby compelling. We hold, therefore, that a numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where, as here, the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated. Here, Hairston's claim was unripe at the time his numerically first motion was adjudicated. Accordingly, in light of the subsequent vacatur of his state No Operator's License conviction, which contributed to the original guidelines calculation of his federal sentence, his motion was not successive.[5]

IV

For the reasons set forth, the judgment of the district court is reversed and this matter is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED

---

[5] The Government seeks to throw up a number of procedural barriers to our consideration of Hairston's claim, arguing that Hairston's claim is not cognizable under § 2255; his claim is procedurally defaulted; and Hairston failed to exercise due diligence in seeking vacatur of his state conviction. These issues fall well outside the COA issued in this case and without expressing any view as to them, we leave it to the district court to consider these questions in the first instance on remand.

11