UNITED STATES of America, Plaintiff–Appellee,

v.

Thomas Tyrone NORMAN, Defendant–Appellant.

No. 14–7132.

United States Court of Appeals, Fourth Circuit.

Submitted: Nov. 20, 2014.

Decided: Nov. 25, 2014.

Thomas Tyrone Norman, Appellant Pro Se. Maxwell B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Before KING and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Tyrone Norman seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion, which the district court treated as successive and unauthorized. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012).

When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack,* 529 U.S. at 484–85, 120 S.Ct. 1595.

We have independently reviewed the record and conclude that Norman has not made the requisite showing.* Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED.*

---

* Although the district court granted Norman's first § 2255 motion and ordered that Norman be resentenced, in this habeas motion, Norman only raises issues pertaining to his convictions. Norman could have, but did not, raise the issues he seeks to raise in this § 2255 motion in his previous § 2255 motion. *Cf. United States v. Hairston,* 754 F.3d 258, 262 (4th Cir.2014) (§ 2255 motion not successive where claims did not exist at time of first § 2255 motion); *In re Taylor,* 171 F.3d 185, 187–88 (4th Cir.1999) (finding § 2255 motion not successive where petitioner sought to raise only those issues that originated at the time of his resentencing, after his first § 2255 motion was granted).