**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7664**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONTE WALTER ROBINSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Chief District Judge. (1:14-cr-00568-CCB-1; 1:15-cv-03646-CCB)

Submitted: July 31, 2017                    Decided: August 11, 2017

Before TRAXLER, AGEE, and KEENAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Donte Walter Robinson, Appellant Pro Se. John Walter Sippel, Jr., Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donte Walter Robinson seeks to appeal the district court's orders denying relief on his 28 U.S.C. § 2255 (2012) motion and his Fed. R. Civ. P. 59(e) motion. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Robinson has not made the requisite showing.[*] Accordingly, we grant Robinson's motions to supplement, deny his motion for appointment of counsel, deny his motion for a certificate of

---

[*] To the extent that Robinson attempts to assert a new claim on appeal that the February 2017 expungement of one of his past drug offenses entitles him to sentencing relief, such a claim should be presented to the district court in the first instance. *See United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014) (holding that § 2255 motion is not successive where "the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated.") The one-year limitations period for filing such a motion continues to run. We express no opinion as to the appropriate resolution of such a motion.

appealability, and dismiss his appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*