**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4358**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC JAVON THOMPSON, a/k/a Gigo,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:16-cr-00075-BO-1)

Submitted:  August 28, 2018                          Decided:  September 6, 2018

Before WILKINSON and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Javon Thompson appeals his conviction and 180-month sentence imposed following his guilty plea to interstate transportation of an individual for prostitution (Count 3), in violation of 18 U.S.C.A. § 2421(a) (West Supp. 2018), and use of the internet to promote an unlawful business enterprise, to wit: prostitution, and aiding and abetting (Count 7), in violation of 18 U.S.C. §§ 2, 1952(a)(3) (2012). On appeal, Thompson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court: (1) violated Thompson's rights under the Double Jeopardy Clause in sentencing him to consecutive terms of imprisonment for Counts 3 and 7; (2) erred in imposing an enhancement under U.S. Sentencing Guidelines Manual § 2G1.1(c)(1) (2016); (3) erred in imposing a life term of supervised release for Count 3; and (4) erred in ordering $19,200 in restitution. Thompson filed a pro se supplemental brief raising additional sentencing challenges. The Government declined to file a response brief but filed a letter advising of its intention to move for dismissal pursuant to the appeal waiver provision in Thompson's plea agreement should we discover during our *Anders* review any issues falling within the scope of the waiver.

Upon initial review of this case, we directed the parties to file supplemental briefs addressing four issues: (1) whether the district court plainly erred in calculating the Guidelines range applicable to Thompson's supervised release term for Count 3; (2) whether the district court erred in failing to adequately explain its decision to deny Thompson's request for a downward variant sentence of imprisonment; (3) whether the

2

district court plainly erred in failing to provide an adequate explanation for Thompson's life term of supervised release for Count 3; and (4) whether the life term of supervised release imposed for Count 3 was substantively unreasonable. Thompson's counsel has filed a supplemental brief addressing these issues. The Government now moves to dismiss the appeal pursuant to Thompson's appeal waiver. Thompson opposes the motion. For the reasons that follow, we grant the Government's motion and dismiss the appeal.

Initially, Thompson asserts that the Government has forfeited its right to seek enforcement of the appeal waiver by failing to move for dismissal at an earlier juncture. Although Thompson correctly observes that the Government may forfeit reliance on an appeal waiver by filing a response brief addressing the merits, *see United States v. Hairston*, 754 F.3d 258, 260 (4th Cir. 2014); *United States v. Metzger*, 3 F.3d 756, 757-58 (4th Cir. 1993), we no find such forfeiture here. As noted above, the Government notified Thompson and this court in its initial letter response to the *Anders* brief of its intent to invoke the appeal waiver if we identified potentially meritorious issues within the waiver's scope. In keeping with its notice, the Government moved to enforce the waiver before filing a response brief on the merits. Relying on Local Rule 27(f), which broadly permits parties to file motions to dismiss on procedural grounds "at any time," we recently held that the Government did not forfeit its right to seek dismissal of a criminal appeal on timeliness grounds when similarly seeking dismissal "before filing its response brief and within that brief." *United States v. Hyman*, 884 F.3d 496, 498, 500 (4th Cir. 2018), *petition for cert. filed*, __ U.S.L.W. __ (U.S. July 23, 2018) (No. 18-5374); *cf. United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017) (stating that forfeiture typically occurs when

3

Government does not raise timeliness defense "in either its merits brief or an earlier motion to dismiss").  And although Thompson relies on language in *United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007), addressing the procedure for seeking enforcement of an appeal waiver, we conclude that language does not compel dismissal in this case.

Turning to the appeal waiver's enforceability, "[w]e review the validity of an appellate waiver de novo." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018). "[W]e will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016).  "An appellate waiver is valid if the defendant's agreement to the waiver was knowing and intelligent." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

"Although the validity of an appeal waiver often depends on the adequacy of the plea colloquy, the issue ultimately is evaluated by reference to the totality of the circumstances." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks omitted).  "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted).

Our review of the plea colloquy and the record in its entirety confirms that Thompson's appeal waiver was knowing and intelligent.  Insofar as Thompson argues that his appeal waiver was not knowing and voluntary with respect to challenges to the reasonableness of his sentence, "[t]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right

4

and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." *Thornsbury*, 670 F.3d at 537 (internal quotation marks omitted). Contrary to Thompson's assertion, a defendant who enters an appeal waiver "assume[s] the risk of unforeseen legal errors involving his sentence," as appeal "waivers are valuable precisely because they cover unforeseen circumstances and thus add certainty to the criminal proceeding." *Id.* at 538. We therefore conclude the waiver is valid and enforceable as to issues within its scope.

Through the appeal waiver, Thompson agreed to forfeit his right to appeal his conviction and whatever sentence was imposed, including challenges to the establishment of the Guidelines range, reserving only the right to appeal a sentence above the Guidelines range established at sentencing or to raise claims of prosecutorial misconduct or ineffective assistance of counsel. Thompson received a sentence within the Guidelines ranges of imprisonment and supervised release established during the sentencing hearing, and each of the issues on which we directed supplemental briefing falls squarely within the scope of the waiver's broad compass. Further, Thompson was sentenced within the statutory maximum terms applicable to his offenses, and our review reveals no issues falling automatically outside the scope of the appeal waiver. *See, e.g.*, *United States v. Archie*, 771 F.3d 217, 222-23 (4th Cir. 2014) (recognizing narrow class of errors that fall automatically outside scope of valid appeal waiver).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no unwaived and potentially meritorious issues for appeal. We therefore grant the Government's motion to dismiss and dismiss the appeal. This court requires that counsel

inform Thompson, in writing, of the right to petition the Supreme Court of the United States for further review. If Thompson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thompson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*