**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-6658

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CARLOS MCCLAMMY, a/k/a Carlos T. McClammy,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, Senior District Judge. (3:14-cr-00004-HEH-1; 3:15-cv-00277-HEH)

Argued: December 7, 2022                           Decided: July 24, 2023

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished opinion. Judge Rushing wrote the opinion, in which Judge Wilkinson and Senior Judge Floyd joined.

**ARGUED:** Laura Jill Koenig, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Jacqueline Romy Bechara, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Jessica D. Aber, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

RUSHING, Circuit Judge:

Carlos McClammy, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging the validity of his firearms conviction under 18 U.S.C. § 924(c). Because McClammy procedurally defaulted his claim and no grounds for excusing his default apply, we affirm.

I.

From March 2012 to July 2012, McClammy and two others committed six armed bank robberies, stealing approximately $46,000. For his role, the Government charged McClammy with four counts in a criminal information. Two counts were related to the robberies, and two were related to the firearms.

Count One charged McClammy with conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951. That count listed the six armed robberies as overt acts in furtherance of the conspiracy. Count Two charged McClammy with committing or aiding and abetting an April 23, 2012, bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2. Count Three charged McClammy with brandishing a firearm in furtherance of the April 23, 2012, bank robbery, or aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2. Finally, Count Four, which is central to this appeal, charged McClammy with discharging a firearm in furtherance of conspiracy to commit Hobbs Act robbery "as charged in Count One, Overt Act 6," or aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2. J.A. 13. "Count One, Overt Act 6" described a July 10, 2012, armed bank robbery that McClammy aided and abetted.

2

McClammy pleaded guilty to all four counts.  In his plea agreement, McClammy agreed that he was "plead[ing] guilty because [he] is in fact guilty of the charged offense[s]."  J.A. 44.  He also "admit[ted] the facts set forth in the statement of facts" accompanying the plea agreement.  J.A. 44.  The statement of facts detailed the six bank robberies McClammy committed, and McClammy acknowledged the Government could have proven these facts beyond a reasonable doubt.  McClammy admitted to aiding and abetting each bank robbery "by means of actual and threatened force, violence and fear of injury, immediate and future" against the bank employees.  J.A. 56.  Regarding the July 10 robbery, the statement of facts described how McClammy "aided and abetted two other[s] . . . in the armed robbery" of a bank, during which McClammy "possessed, brandished, and discharged a firearm in furtherance of the crime of violence."  J.A. 56.  McClammy discharged "the firearm . . . inside the bank and in the presence of multiple credit union employees and customers."  J.A. 56.

At his plea hearing, the district court asked McClammy if he understood what the Government's evidence would have been if he had gone to trial, and he answered, under oath, that he did.  McClammy verified that he had "gone over" his "involvement in the various bank robberies that [we]re charged" with his attorney.  J.A. 22.  And he acknowledged that he "explained to [his attorney] the circumstances of a firearm being discharged during a bank robbery on July 10, 2012."  J.A. 22.  His decision to plead guilty, McClammy confirmed, was "based upon the information" he had regarding the Government's case, and his "involvement in these robberies."  J.A. 22.  McClammy affirmed that he was "guilty of discharging a firearm in furtherance of a crime of violence

3

as charged in Count [Four]." J.A. 24. He also agreed that the "statement of facts [was] correct." J.A. 36. At the conclusion of the hearing, the district court accepted McClammy's guilty plea.

The court sentenced McClammy to 432 months' imprisonment, consistent with the parties' joint sentencing recommendation in the plea agreement. McClammy did not appeal.

A little over a year later, McClammy filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. While McClammy's motion was pending, the Supreme Court decided *Johnson v. United States*, 576 U.S. 591 (2015), which invalidated the residual clause of the Armed Career Criminal Act's definition of "violent felony." And so, over a year after he filed his initial pro se motion, McClammy, now with the help of counsel, moved to amend his Section 2255 motion to include an argument related to *Johnson*. McClammy argued that his Count Four conviction was no longer valid because "post-*Johnson*, conspiracy to commit a Hobbs Act robbery fails to categorically qualify as a 'crime of violence'" under Section 924(c). J.A. 69. The district court denied McClammy's Section 2255 motion as procedurally defaulted and denied as untimely his motion to amend to include the *Johnson* claim.

McClammy appealed and, while his appeal was pending, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that Section 924(c)'s residual clause was unconstitutionally vague. The Government waived its timeliness challenge to McClammy's Section 2255 motion and asked this Court to deny relief on procedural-default grounds instead. Given these changed circumstances, and without

4

opining on the merits of McClammy's *Davis* claim, we vacated the district court's order and remanded McClammy's motion.

On remand, McClammy reasserted his claim that his Count Four conviction under Section 924(c) is invalid because it was predicated on conspiracy to commit Hobbs Act robbery. Specifically, he argued that because *Davis* invalidated Section 924(c)'s residual clause and this Court, in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc), held that Hobbs Act conspiracy is not a crime of violence under Section 924(c)'s force clause, his conviction can no longer stand.

The district court again denied McClammy relief. It reasoned that Count Four did not "only allege[] that the firearm was used or carried during and in relation to conspiracy to commit Hobbs Act robbery," but rather it was "predicated on a specific substantive bank robbery offense" that occurred "on July 10, 2012." J.A. 183. And bank robbery, the court continued, remained a qualifying crime of violence.

We granted a certificate of appealability to consider "whether the district court erred by holding that McClammy's challenged 18 U.S.C. § 924(c) conviction remains valid because it was based on the predicate offense of bank robbery, rather than Hobbs Act conspiracy." J.A. 187. We have jurisdiction under 28 U.S.C. § 1291, and we "may affirm on any legal and factual basis fairly presented in the district court." *United States v. Hopkins*, 268 F.3d 222, 224 (4th Cir. 2001) (internal quotation marks omitted).

## II.

The Government argues that McClammy procedurally defaulted his challenge to his Count Four Section 924(c) conviction by failing to raise it in his plea proceedings or on

5

direct appeal and that no grounds exist to excuse his default.  We agree.

Collateral relief is "an extraordinary remedy" that "will not be allowed to do service for an appeal."  *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal quotation marks omitted).  A prisoner procedurally defaults on a claim if he fails to raise an argument "in his initial criminal proceeding or on direct appeal."  *Marlowe v. Warden, FCI Hazelton*, 6 F.4th 562, 571 (4th Cir. 2021).  We may excuse such a default only if a prisoner can demonstrate "either cause and actual prejudice or that he is actually innocent."  *United States v. McKinney*, 60 F.4th 188, 193 (4th Cir. 2023) (internal quotation marks omitted).

There is no serious dispute that McClammy procedurally defaulted the claim he raises now.  McClammy never challenged his Section 924(c) conviction during his plea proceeding or in a direct appeal.[1]  *See United States v. Fugit*, 703 F.3d 248, 253 (4th Cir. 2012).  So we can consider his claim only if he can establish (1) cause and prejudice or (2) that he is actually innocent.  *Bousley*, 523 U.S. at 622.

A.

Our analysis begins with cause and prejudice.  We need not address whether McClammy can establish cause to excuse his procedural default because we conclude that he cannot show he was prejudiced by the default.

To establish prejudice, a prisoner must show more than "'a *possibility* of prejudice.'"  *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original) (quoting

---

[1] McClammy argues that he cannot procedurally default a *Davis* claim because it presents a new rule of constitutional law.  We have held otherwise.  *See United States v. Green*, 67 F.4th 657, 666 (4th Cir. 2023).

6

*United States v. Frady*, 456 U.S. 152, 170 (1982)). Instead, he "must show that the default 'worked to his *actual* and substantial disadvantage' and has 'constitutional dimensions.'" *United States v. Green*, 67 F.4th 657, 667–668 (4th Cir. 2023) (quoting *Murray*, 477 U.S. at 494) (emphasis in original). And where, as here, a conviction is based on a guilty plea, we ask if there is a "reasonable probability that, but for the error, [the prisoner] would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004). In other words, a prisoner "'must convince the court' that such a decision [to not plead guilty] 'would have been rational under the circumstances.'" *Fugit*, 703 F.3d at 260 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)). This is a "fact specific" inquiry, *McKinney*, 60 F.4th at 196 n.5, that depends on "the particular circumstances of the individual case," *Frady*, 456 U.S. at 170. So we must determine "whether proceeding to trial would have been objectively reasonable in light of all the facts." *Fugit*, 703 F.3d at 260.

On the record before us, McClammy cannot meet this standard. In the statement of facts expressly incorporated into his plea agreement, McClammy admitted that he aided and abetted an armed bank robbery on July 10, 2012, where he "possessed, brandished, and discharged a firearm in furtherance of the crime." J.A. 56. Bank robbery remains a valid predicate under Section 924(c)'s force clause. *United States v. Caldwell*, 7 F.4th 191, 212–213 (4th Cir. 2021). Nothing in the record before us suggests that McClammy would not have pleaded guilty to the Section 924(c) offense if the Government had labeled the predicate offense as bank robbery instead of conspiracy to commit Hobbs Act robbery. Indeed, McClammy admitted he was guilty of both the conspiracy and the specified overt

7

act—the July 10 bank robbery itself. McClammy explained to the district court that he pleaded guilty based on the evidence the Government had against him as well as his involvement in the various bank robberies. He also admitted he was guilty of discharging a firearm in furtherance of the robbery. Because the factual basis and the penalty for the Section 924(c) offense would have been the same, there is no reasonable probability that McClammy would have proceeded to trial had the Government labeled the predicate offense as the bank robbery he admitted to committing instead of Hobbs Act conspiracy.

McClammy identifies nothing in the record to suggest that he would not have pleaded guilty. Indeed, because McClammy admitted that he committed all six armed bank robberies, that he used firearms in at least two of them, and that the Government could have proven all this beyond a reasonable doubt, he "was lucky to receive the deal that he did." *Fugit*, 703 F.3d at 260. Had he gone to trial, McClammy "would have undoubtedly opened himself up to multiple additional charges relating to multiple other" bank robberies and Section 924(c) convictions. *Id.* In short, given the circumstances of his case, McClammy cannot show that he was actually prejudiced by the failure to raise the *Davis* objection in his initial criminal proceedings because he cannot show that he would not have pleaded guilty had the predicate offense been labeled differently.

## B.

Nor can McClammy excuse his procedural default by showing that he is actually innocent. To establish actual innocence, a prisoner must demonstrate that, "in light of all the evidence," "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327–328 (1995) (internal quotation marks omitted).

8

Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. "[T]his standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." *United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir. 2010) (internal quotation marks omitted).

McClammy cannot show actual innocence. As noted, McClammy admitted to discharging a firearm in furtherance of the July 10 bank robbery. So he cannot show that no reasonable juror would have convicted him of discharging a firearm during a crime of violence. *See Fugit*, 703 F.3d at 258 ("[Defendant's] conceded conduct so surely satisfies the [statutory] element that it is difficult to conceive of any reasonable juror *not* convicting him." (emphasis in original)); *see also Granda v. United States*, 990 F.3d 1272, 1292 (11th Cir. 2021) (concluding that petitioner could not establish actual innocence because of the "overwhelming corpus of evidence" that he conspired to possess a firearm in furtherance of an attempted robbery), *cert. denied*, 142 S. Ct. 1233 (2022). And McClammy does not provide any new evidence calling into doubt his confession. *See*, *e.g.*, *Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003) ("He offers no new evidence at all, and his assertion of actual innocence fails on this basis."); *Finch v. McKoy*, 914 F.3d 292, 298–299 (4th Cir. 2019) ("To establish an actual innocence claim [Petitioner] must support allegations of constitutional error with new reliable evidence that was not proffered [previously].").

McClammy contends he is actually innocent because Hobbs Act conspiracy is no longer a valid predicate offense. But the classification of a predicate offense is a purely legal question. *See United States v. Evans*, 848 F.3d 242, 245 (4th Cir. 2017). Thus, any success on that claim amounts to showing legal insufficiency, not factual innocence. *Cf.*

*Pettiford*, 612 F.3d at 284 ("[A]ctual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes.").[2]

III.

Because McClammy procedurally defaulted the claim he seeks to raise and has not shown that his procedural default should be excused, the judgment of the district court is

*AFFIRMED*.

---

[2] McClammy also argues that bank robbery is not a crime of violence after *Borden v. United States*, 141 S. Ct. 1817 (2021). We need not consider that argument because McClammy did not raise it in his informal brief, he waived it in the district court, it falls outside the scope of the certificate of appealability, and it is procedurally defaulted without excuse. *See United States v. Boyd*, 55 F.4th 272, 279–280 (4th Cir. 2022); *United States v. Herrera-Pagoada*, 14 F.4th 311, 318 (4th Cir. 2021); *United States v. Hairston*, 754 F.3d 258, 260 (4th Cir. 2014). Even if we considered his argument, it would fail on the merits. McClammy claims that to be a crime of violence, an offense must require a *mens rea* greater than knowledge. But that is an incorrect interpretation of *Borden*. *See United States v. Manley*, 52 F.4th 143, 150 (4th Cir. 2022), *cert. denied*, 2023 WL 3158388 (U.S. May 1, 2023) (No. 22-946).